# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:11-cr-429-KJD-GWF |
| vs. ) | **PROTECTIVE ORDER** |
| KEVIN CHAPMAN, ) | |
| Defendant. ) | |

This matter comes before the Court on the Government's Motion for Order to Protect Against Disclosure of Personal Identifiers (#30), filed on March 2, 2012 and Defendant's Opposition to Motion for Order to Protect Against Disclosure of Personal Identifiers (#31), filed on March 8, 2012. The Court conducted a hearing on this matter on March 13, 2012. On March 14, 2012, the Government, at the request of the Court, provided the Court with a sample of the discovery in this case for *in camera* review.

The Court has reviewed the discovery provided and enters this Protective Order as to the current discovery in this case. The parties shall meet and confer regarding all future productions of discovery, from a hard drive, personal electronic device or other electronic sources, in an attempt to reach an agreement concerning the terms of disclosure. If the parties are unable to come to an agreement, the parties may notify the Court and a further hearing will be conducted. All future discovery however shall be subject to the overall protection of this Protective Order, with the specific provisions of disclosure to be determined during the parties' meet and confer or thereafter by the Court.

This Protective Order protects disclosure to the public any discovery documents containing the personal identifying information such as account numbers, social security numbers, drivers

license numbers, dates of birth, email addresses or physical addresses, of victims in this case. Such documents shall be referred to hereinafter as "Protected Documents."

1. Protected Documents which will be used by the government in its case in chief include personal identifiers, including social security numbers, drivers license numbers, dates of birth, and addresses and other personal identifiers of the victims in this case. In addition, many of these documents may include personal identifiers that Defendant Kevin Chapman may chose to use as evidence in this case.

2. The United States will provide all Protected Documents without redacting the personal identifiers of victims to Defendant's attorney of record, to be used by Defendant's attorney, their associated counsels, paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing services on behalf of Defendant Kevin Chapman. Copies of the unredacted Protected Documents cannot be provided to Defendant Kevin Chapman by Defendant's counsel or any of the above-designated individuals.

3. With regard to disclosure of the Protected Documents to Defendant Kevin Chapman, the United States can elect either of the following options:

    a. The United States will provide Defendant's counsel with a redacted copy of all the Protected Documents to be provided to Defendant Kevin Chapman; or

    b. Counsel for the Defendant shall redact all personal identifiers from the Protected Documents that it wishes to disclose to Defendant Kevin Chapman and provide the United States with a copy of the proposed redacted documents for its approval prior to providing Defendant Kevin Chapman with a copy of the redacted Protective Documents.

4. Access to Protective Documents on Defendant's behalf will be restricted to personnel authorized by the Court, namely Defendant Kevin Chapman, attorneys of record and attorneys, paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing services on behalf of Defendant. As such, the following restrictions will be placed on Defendant, Defendant's attorneys and the above-designated individuals unless and until further ordered by the Court. Defendant, Defendant's attorney and the above-designated individuals shall not:

a. make copies for, or allow copies of any kind to be made by any other person of the Protected Documents, or allow the Protected Documents to be otherwise disseminated;

b. allow any other person to read the Protected Documents; and

c. use the Protected Documents for any other purpose other than preparing to defend against the charges in the Indictment or any further superceding indictment arising out of this case.

5. Defendant Kevin Chapman shall have access to and retain only redacted copies of the Protected Documents.

6. Defendant's attorney shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

7. The requested restrictions shall not restrict the use or introduction as evidence of discovery documents containing personal identifying information such as social security numbers, drivers license numbers, dates of birth, and addresses during the trial of this matter.

8. Upon conclusion of this litigation, defendant's attorney shall return to counsel for the United States, or destroy and certify to counsel for the United States, the destruction of all unredacted discovery documents containing personal identifying information such as social security numbers, drivers license numbers, dates of birth, and addresses within a reasonable time, not to exceed thirty (30) days after Defendant Kevin Chapman has exhausted all appellate rights or after the time for filing a motion under 18 U.S.C. § 2255 has expired.

**IT IS SO ORDERED.**

DATED this 16th day of March, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge