UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:11-cr-0429-APG-GWF |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA |
| v. | |
| KEVIN CHAPMAN, | (Dkt. #105) |
| Defendant. | |

Defendant KEVIN CHAPMAN filed a Motion to Withdraw Guilty Plea [Dkt. #105]. Mr. Chapman contends that the "chaotic circumstances of his change-of-plea hearing," his perception of "threats" by the Government regarding his Plea Agreement, and the alleged ineffective assistance of his counsel all justify allowing him to withdraw his plea.

"A district court may permit a defendant to withdraw a guilty plea *before* sentencing if 'the defendant can show a fair and just reason for requesting the withdrawal.'" *U.S. v. Davis*, 428 F. 3d 802, 805 (9th Circuit 2005) (quoting Fed. R. Crim. P. 11(d)(2)(D). "The defendant has the burden of demonstrating a fair and just reason for withdrawal of a plea...." *Id.* "'Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances *or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.*'" *Id.* (quoting *Ortega-Ascanio*, 376 F. 3d 879, 883 (9th Circuit 2004))(emphasis in original).

Mr. Chapman's August 2, 2012 plea hearing lasted nearly two hours. Near the end of that hearing, Mr. Chapman contended that the Government had made threats against him if he did not plead guilty.

THE COURT: I want to go back to the issue of the Government's position that if this case goes to trial additional charges will be brought.

Is the Government's statement to -- to you, Mr. Chapman, that further charges will be brought if -- if the case has to be tried?

THE DEFENDANT: Your Honor, there's been just one threat after another. And I'm just tired.

(Attorney-client discussion.)

THE COURT: All right. I -- given the defendant's statement, I think the Court has an obligation to explore what defendant claims to be threats made against him.

What threats have been made against you that you claim given one threat after another?

THE DEFENDANT: Well, like with the first plea agreement, you know, either you have (sic) sign this and accept this or we're gonna charge you with this. And, if we don't get this, then I'm gonna charge you with every -- you know, this.

And my understanding is, you know, a plea agreement substantially is supposed to be a give-and-take situation between -- is the spirit of it. And what pressures me the most is the fact that it's almost as if it's like a loaded gun aimed at me and then I only have 48 hours or 64 hours sometimes or we get a notice there's -- there's this agreement and I find

out about it and we have to answer within so many hours -- you know, a couple days.

And, uh, I just -- and I realize that -- that prosecution has the right to enter more charges. I mean, if they are justifiable and, you know, okay, I understand that. But, even with that being said, I'm fully competent and fully ready to accept this agreement as stated.

[Dkt. #80 at 33:18-34:23.]

Mr. Chapman has not offered a sufficiently "fair and just reason" for withdrawal of his plea. He contends that he felt threatened because the Government allegedly told his counsel that if he did not agree to the Plea Agreement, then the Government would file additional charges prior to going to trial. Even if true, such actions do not constitute improper threats or coercion from the Government.

> To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, ... and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is "patently unconstitutional."... But in the "give-and-take" of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.

*Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (citations omitted). "While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of those difficult choices [is] an inevitable' -- and permissible -- 'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'" *Id.* (citation omitted.)

Mr. Chapman has not provided sufficient evidence to support the conclusion that the Government improperly coerced or threatened him. Moreover, Mr. Chapman's characterization of the change-of-plea hearing as "chaotic" is not valid. To the contrary, a thorough review of the transcript of the plea hearing confirms that Judge Du (who presided over the plea hearing) afforded Mr. Chapman several opportunities to confer with his counsel, several opportunities to explain his position about the Government's

alleged coercion, and several opportunities to withdraw his plea of guilty. Mr. Chapman repeatedly stated that he wished to proceed with his guilty plea.

THE COURT: And what you informed the Court is that you felt like you haven't had enough time to consider the plea offers; correct? At least based on what your attorney conveyed to you.

THE DEFENDANT: No, your Honor. At this point today, right this moment now, I -- I wish to go forward with it. I -- I -- I -- I didn't answer your ques- -- yes I have had plenty of time to consider it.

THE COURT: You've had plenty of time to consider the plea offer?

THE DEFENDANT: Yes, ma'am.

THE COURT: And are you entering into the plea voluntarily?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you entering into the plea knowing that you have the full right to reject the plea offer and proceed to trial?

THE DEFENDANT: Yes, ma'am.

THE COURT: And, in fact, you were here when I had discussion with counsel that the Court will clear its calendar if we need to go to trial next week or in September? Did you hear that discussion?

THE DEFENDANT: Well -- well, no, your Honor. But -- but that's been indicated to me that that's okay.

THE COURT: All right.

So the Court's representing to you that should you wish to withdraw your guilty plea today, and because of the deadline for us to try the case,

the Court is prepared to clear the calendar next week for this case to go to trial if you wish to proceed to trial.

THE DEFENDANT: Yes, I understand that.

THE COURT: All right.

And you understand the choice is entirely up to you?

THE DEFENDANT: Yes, ma'am, I do.

THE COURT: All right.

And you -- we have taken several recess (sic) now to give you time to consider your decision.

THE DEFENDANT: Yes, ma'am. I'm -- I'm prepared to go forward.

THE COURT: All right. So you are prepared to enter into a guilty plea knowingly and voluntarily; correct?

THE DEFENDANT: Yes, ma'am.

*Id.* at 48:5-49:21. This portion of the hearing transcript (and other similar portions) clearly confirms that Mr. Chapman had sufficient opportunities to consult with his counsel and consider his options free from any alleged threat or coercion by the Government. If Mr. Chapman truly believed he was being threatened or coerced, he could have accepted Judge Du's repeated invitations to proceed to trial instead of pleading guilty.

Finally, Mr. Chapman's allegation that his counsel provided him ineffective assistance is not supported by the record.[1] Mr. Chapman has failed to demonstrate that his counsel's work fell outside the range of competence required of criminal defense attorneys. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mr. Chapman's

---

[1] Preliminarily, this claim may be premature because the court has not yet entered a judgment or imposed sentence.

counsel's "legal representation [was not] so inadequate that it obviously denied [him] his Sixth Amendment right to counsel." *United States v. Rahman*, 642 F. 3d 1257, 1260 (9th Circuit 2011) (citations omitted).

Based on the foregoing, Mr. Chapman's Motion to Withdraw Guilty Plea is **DENIED**.

The sentencing hearing for Mr. Chapman is hereby set for **February 19, 2014 at 9:00 a.m.**

Dated: November 15, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE